## THE HOUSATONIC RIVER TURNPIKE CORPORATION *versus* JOHN FRINK Junior.

The *St.* 1804, *c.* 125, defining the powers and duties of turnpike corporations provides that a certain toll shall be paid " for each *coach*, chariot, phaeton, or *other* four-wheel spring carriage." It was *held*, that the term *coach* is not controlled by the words, *other four-wheel spring carriage*, and that a stage-carriage, the body of which was suspended on thorough-braces attached to four braced iron jacks, is a *coach*, within the provision of the statute.

THIS was an action to recover the amount of certain tolls alleged to be due from the defendant, for passing over the road of the plaintiffs with his carriages.

By *St.* 1805, *c.* 58, incorporating the Housatonic River Turnpike Corporation, the tolls which the corporation were entitled to take, were fixed at one half the rates established by *St.* 1804, *c.* 125, by which the general powers and duties of turnpike corporations are defined. The *St.* 1804, *c.* 125, establishes the following rate of toll : — " For each coach, chariot, phaeton, or other four-wheel spring carriage drawn by two horses, twenty-five cents ; and if drawn by more than two horses, two cents for each additional horse." The question was, whether the defendant's carriages were liable to half of this rate of toll.

At the trial, before *Wilde* J., it appeared, that the carriages, with which the defendant passed over the turnpike road, were the common stage-coaches used in this part of the State. They are in two parts, the carriage or running part, and the body in which the passengers sit. The axletrees are united by three bed-pieces, which extend back of the hind axletree, and are connected together by a cross-piece or rail running parallel with the axletree. The body is suspended by leathers or thorough-braces, which are attached to four iron jacks ; the jacks are braced, and stand upright, two resting on the forward axletree, and two on the bed-pieces behind.

It also appeared, that these vehicles are called stage-coaches, and that the defendant advertised them as post-coaches. It was also proved, that they are frequently called spring carriages, but that they are not designated or considered as such by the trade.

It was testified by some of the witnesses, that when the statutes referred to were passed, there were stage-carriages in use in this part of the State, which were suspended in the same manner as the stage-carriages now are ; and that they differed from those used by the defendant in being open in front, and in having their bodies straight. The defendant's carriages were opened at the sides and were made with swelled bodies.

*Sept.* 10*th.*   *Byington*, for the plaintiffs, cited Rees's Cyclop. *verb Coach.*

*Dwight* and *Porter*, for the defendant, cited *St.* 1817, *c.* 140 ; Webster's Dict. *verb. Stage.*

*Sept* 12*th.*   Shaw C. J. delivered the opinion of the Court. In the construction of statutes, the general rule is, to presume that the legislature intend to use words in their common and popular sense, unless, from the whole tenor and purposes of the act, it can be intended, that a different sense was meant, in the particular instance. The single question here is, what species of carriage the legislature intended by the word " coach," in *St.* 1804, *c.* 125, § 4, being the section in which the toll is fixed in the general turnpike act. The whole clause is this ; — " For each coach, chariot, phaeton, or other four-wheel spring carriage &c." The species of carriage used by the defendant, is described in the report. The counsel for the defendant contend, that by the construction of the statute, the words " other four-wheel spring carriage," by necessary implication, qualifies the preceding words, " coach, chariot," &c., so that no coach is chargeable with this toll, unless it is also a spring carriage. But the Court are of opinion, that this is not the true construction. The act intended to fix the toll for a coach, at the sum stated ; and if such species of carriage was and is well known by the name of " coach," it is chargeable with the toll, whether known to the trade of coach-makers as a spring carriage or not ; and the latter words, introduced as they are, do not control the specific term previously used. That the carriages used by the defendant are commonly known and designated by the name of coaches, seems not seriously contested.

This construction is strengthened by the consideration, that there is no other description of carriage mentioned in the act,

which so nearly conforms to those used by the defendant. The term *wagon* is applied to a different species of carriage, and is not commonly applied to stage-coaches. Such also, it is believed, has been the practical construction given to this act for thirty years. The Court are therefore of opinion, that these carriages are liable to half the rate of toll chargeable upon coaches, by the turnpike act.